UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SEAN MILLER, M.D., *et al.*, | : | Case No. 1:05-cv-607 |
| | : | |
| Plaintiffs, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| A2 HEALTHCARE, L.L.C., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. 12) BE GRANTED IN
PART AND DENIED IN PART**

Seeking monetary and equitable relief, Plaintiffs Sean Miller, M.D. and Erich
Walder, M.D. bring this action pursuant to the Employee Retirement Income Security Act
("ERISA"), 29 U.S.C. § 1001 *et seq.*  (*See* Doc. 1.)  Plaintiffs also allege a violation of
state wage and benefits law, Ohio Rev. Code Ann. § 4113.15, and breach of their
employment agreements.  (*See id.*)  This case is now before the Court on a motion by
Defendants A2 HealthCare, L.L.C. ("A2") and Richard Brian Boster, M.D. for partial
judgment on the pleadings (Doc. 12) and the parties' responsive and supplemental
memoranda (*see* Docs. 14, 15, 16, 28).

---

[1]     Attached hereto is a NOTICE to the parties regarding objections to this Report
and Recommendation.

# I. BACKGROUND

Dr. Miller was employed by A2 from July 7, 2003 until April 6, 2005, after having given timely notice of his intent to leave the company. (Doc. 1, ¶¶ 6, 9.) Dr. Walder was employed by A2 from March 1, 2004 until February 28, 2005, after having given notice of his intent to leave when his contract expired. (*Id.* at ¶¶ 7, 10.) Plaintiffs allege that while employed at A2 they were promised that they each would receive a $24,000 retirement contribution each calendar year under A2's Simplified Employee Pension Plan ("the Plan"). (*Id.* at ¶¶ 5, 6-8.) They further allege that they did not receive the retirement contributions that they were promised. (*Id.* at ¶¶ 6, 11.) They allege that A2, acting though Dr. Boster, retaliated against them for leaving the company by failing to pay the retirement contributions; by failing to provide them with Plan documents; by withholding their final paychecks; and by terminating Dr. Walder's health insurance while he was still employed by A2. (*Id.* at ¶ 11.)

Plaintiffs assert seven grounds for relief: interference with protected rights under § 510 of ERISA, 29 U.S.C. § 1140 (Count One); breach of fiduciary duties under § 409 of ERISA, 29 U.S.C. § 1109 (Count Two); equitable estoppel under ERISA (Count Three); misrepresentation under ERISA (Count Four); failure to disclose plan documents in violation of § 502(c) of ERISA, 29 U.S.C. § 1132(c) (Count Five); failure to pay wages and benefits in violation of Ohio Rev. Code Ann. § 4113.15(B), (C) (Count Six); and breach of their employment agreements (Count Seven). (*Id.*)

Defendants seek a judgment on the pleadings dismissing Counts One through Five

2

and dismissing in part Counts Six and Seven.  (Doc. 12.)

For the reasons that follow, the motion should be granted in part and denied in part.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  The court  must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.  *Id.* at 512.  The court need not accept as true legal conclusions or unwarranted factual inferences.  *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

Although the court may not consider matters outside of the pleadings in reviewing a Rule 12(b)(6) motion, when parties attach exhibits to a pleading, the attachments become part of that pleading.  *See* Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997).  Such exhibits include documents that a defendant attaches to a motion to dismiss that are referred to in the plaintiff's complaint.  *Weiner*, 108 F.3d at 89 (citation omitted).

## III.  DISCUSSION

A.      Plaintiffs fail to state a claim of discrimination under § 510.

In Count One of the complaint, Plaintiffs allege that, after they gave notice of their intent to leave the company, Dr, Boster made the decision to withhold their retirement contributions.  They claim that he acted in retaliation for their actions and, by so doing, discriminated against them with intent to interfere with their rights under ERISA.

Section 510 of ERISA provides in pertinent part as follows :

It shall be <u>unlawful</u> for any person <u>to discharge, fine, suspend, expel, discipline, or discriminate</u> against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C.A. § 301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140 (emphasis added).

Courts have found that the anti-discrimination provision does not apply where an employee voluntarily resigns.  *See Hammon v. DHL Airways*, 980 F. Supp. 919, 927-28 (S.D. Ohio 1997), *aff'd* 165 F.3d 441 (6th Cir. 1999); *see also Curby v. Solutia, Inc.*, 351 F.3d 868, 872 (8th Cir. 2003); *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1327 & n.35 (9th Cir. 1992), *cert. denied*, 507 U.S. 1031 (1993).

Plaintiffs fail to state a discrimination claim based on interference because they allege that they voluntarily resigned.

4

Plaintiffs also fail to state a discrimination claim based on retaliation.  To state a claim for retaliation, the plaintiff must allege sufficient facts to show that the defendant was motivated to take an adverse action for the purpose of retaliating against the exercise of ERISA rights.  *See Mattei*, 126 F.3d at 809.

Plaintiffs have not alleged that Defendants' actions were in retaliation for the exercise of ERISA rights.  Unlike the plaintiff in *Mattei*, a widow who alleged retaliatory acts were taken against her after she sought and received ERISA plan death benefits, *see id.* at 796-97 & n.3, Plaintiffs in the present case allege a denial of benefits after they chose to resign, an exercise of rights under their employment contracts, not an exercise of rights under the ERISA SEP Plan.  (*See* Doc. 1 at ¶¶ 11, 16.)

Plaintiffs have not stated a claim based on discrimination, interference or retaliation under § 510.  Accordingly, Defendants are entitled to judgment with respect to the claims of discrimination under § 510 of ERISA, 29 U.S.C. § 1140.

B.  <u>Plaintiffs allege sufficient facts to state a claim under § 502(a)(3) based on breach of fiduciary duty.</u>

In Count Two of the complaint, Plaintiffs allege that Defendants breached their fiduciary duties under § 504 of ERISA, 29 U.S.C. § 1104, in part, "by failing to pay benefits that were promised to Plaintiffs, by not acting in the interests of the plan participants, and by linking the payment of retirement contributions to Plaintiffs' future employment instead of their participating status."  (Doc. 1 at ¶ 22.)  ERISA imposes

liability on fiduciaries under § 409(a) of ERISA, 29 U.S.C. § 1109(a).[2]

Defendants seek dismissal of the claim on the ground that Plaintiffs may not seek money damages on behalf of themselves as individuals under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) because the statute limits their recovery to equitable relief.

Contrary to Defendants' argument, however, Plaintiffs may proceed with a claim for damages under § 502(a)(3) if they allege sufficient facts to show that the basis for their claim is equitable. *See Sereboff v. MidAtlantic Med. Servs., Inc.*, 547 U.S. 356, 361 (2006).

The Supreme Court in *Sereboff* determined that a party seeking restitution as an equitable remedy under § 502(a)(3) could do so because it was not seeking to "impose personal liability . . . for a contractual obligation to pay money," but through a constructive trust or equitable lien on a specifically identified fund. *See id.* (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)). The Supreme Court further found that a contract to pay over a fund may create an equitable lien by

---

[2]     Section 409(a) provides:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 411 of this Act.

29 U.S.C. § 1109(a).

agreement even before the fund is created, thereby establishing the right to the pay over, once the fund comes into existence, as an equitable remedy. *Id.* at 1877 (citing *Barnes v. Alexander*, 232 U.S. 117, 121 (1914)).

In support of their claim, Plaintiffs allege that they received documents from Defendants evidencing an intent, after payment of salaries and benefits, to allocate surplus profits to the payment of $24,000.00 per physician into the retirement account. (*See* Doc. 1 at ¶ 9.)

Taking the factual allegations as true, and construing them in a light favorable to Plaintiffs, the statements are sufficient to establish an "equitable lien by agreement." Moreover, the allegation that "surplus profits" would be used to pay the retirement contributions is sufficient to allege the existence of a specific fund which was created as a result of the agreement. *See Sereboff*, 547 U.S. at 362-63.

Alternatively, Plaintiffs' claim for money damages may be construed as a claim brought on behalf of the Plan. In their prayer for relief, Plaintiffs request that the Court order Defendants "to make restitution of all retirement contributions." (*See* Doc. 1 at p. 10.) To the extent the contributions were intended to be paid into the Plan (and not directly to the individual plaintiffs), they are entitled to seek restitution under § 502(a)(2). *See Larue v. DeWolff, Boberg & Assocs., Inc.*, 128 S. Ct. 1020, 1023 (2008) ("Section 502(a)(2) provides for suits to enforce the liability-creating provisions of § 409, concerning breaches of fiduciary duties that harm plans."); *see also Kuper v. Iovenko*, 66 F.3d 1447, 1453 (6th Cir. 1995).

Accordingly, Defendants' motion for a judgment dismissing Count Two of the complaint should be denied.

C.    <u>Plaintiffs allege sufficient facts to state a claim for equitable estoppel under ERISA.</u>

In Count Three, Plaintiffs assert that the doctrine of equitable estoppel applies under ERISA in cases, like the present action, that do not involve a multi-employer plan and where the application of estoppel principles would not deplete a common fund or other participants. (*See* Doc. 1 at ¶ 25.) They maintain that Defendants should be estopped from not paying retirement contributions on their behalf. (*See id.* at ¶ 29.)

The Sixth Circuit has held that equitable estoppel may be a viable theory in ERISA cases, but that the "[p]rinciples of estoppel . . . cannot be applied to vary the terms of unambiguous plan documents; estoppel can only be invoked in the context of ambiguous plan provisions." *Sprague v. General Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998) (en banc), *cert. denied*, 524 U.S. 823 (1998). "Consequently, a claimant must plead plan ambiguity in this Circuit to state a claim for estoppel relative to an ERISA claim for benefits." *Putney v. Medical Mutual of Ohio*, 111 Fed. Appx. 803, 807 (6th Cir. 2004) (citing *Marks*, 342 F.3d at 456).

In the present case, Plaintiffs alleged the existence of documents in which Defendants promised to make retirement contributions of $24,000.00 per physician per calendar year. (*See* Doc. 1 at ¶ 8.) They also acknowledge the existence of a plan document on which Defendants rely for the proposition that payments were discretionary.

(*See id.* at ¶ 17; *see* Doc. 12-2 at p. 17, "Resolution to Form SEP-IRA.")

If the allegations are taken as true and construed in a light favorable to Plaintiffs, they are sufficient to show that the terms of the A2 Plan, as modified, were ambiguous.

Thus, Defendants' motion to dismiss Count Three, Equitable Estoppel, should be denied..

D.   Plaintiffs allege sufficient facts to state a claim for misrepresentation under ERISA.

In Count Four, Plaintiffs allege that Defendants breached their fiduciary duties by making material representation to them about the retirement contributions and failed to make the contributions as represented.  (*See* Doc. 1 at ¶¶ 31, 33, 34.)  Plaintiffs further allege that they acted in reliance on the representations and are entitled to damages in the amount of the promised contributions.  (*See id.* at ¶ 35.)

To state a claim based on a material misrepresentation by an ERISA fiduciary, the plaintiff must allege that (1) the defendant was acting as a fiduciary, (2) that the defendant made a misrepresentation, (3) that the misrepresentation was material, and (4) that the plaintiff relied on the misrepresentation to his detriment.  *See James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 449 (6th Cir. 2002), *cert. denied*, 538 U.S. 1033 (2003). Generally, a misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed retirement decision.  *In re Unisys Corp. Retiree Med. Ben. ERISA Litig.*, 57 F.3d 1255, 1264 (3d Cir. 1995), *cert. denied*, 517 U.S. 1103 (1996).

9

When the allegations are taken as true and liberally construed, it appears that Plaintiffs have alleged sufficient facts to state a claim based on material representation.

Accordingly, Defendants' motion for a judgment dismissing Count Four should be denied.

E.     Plaintiffs allege sufficient facts to state a claim for a failure to disclose plan documents under § 502(c).

In Count Five, Plaintiffs claim that they are entitled to statutory damages arising form Defendants' failure to provide their attorney with copies of Plan documents in violation of § 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4), and § 502(c) of ERISA, 29 U.S.C. § 1132(c).

Defendants argue that Plaintiffs fail to state a claim because ERISA does not require disclosure of pension benefit information to a non-participant (even the attorney of a participant) without first receiving written authorization from the participant.  *See Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1072 (6th Cir. 1994).

Defendants' argument lacks merit.  The Sixth Circuit has since clarified *Bartling* and held as follows:

> [A] plan administrator is not entitled to ignore a request for pension benefits information made by an attorney on behalf of a participant, . . . .   Instead, a plan administrator must either provide the requested information directly to the plan beneficiary . . ., or must . . . inform the attorney that the information will be released upon the receipt of an authorization signed by the plan participant.  A plan administrator who fails to take either of these steps within the thirty day period imposed by 29 U.S.C. § 1132(c) is subject to the fines authorized by that same provision, at the discretion of the district court.

*Minadeo v. ICI Paints*, 398 F.3d 751, 758 (6th Cir. 2005).

Plaintiffs allege that a written request for plan documents was sent to Defendants

by their attorney on April 21, 2005 and that it was ignored until July 25, 2005, after Defendants were sent a second written request and a letter threatening legal action. (*See* Doc. 1 at ¶¶ 39-42.)

Plaintiffs have alleged sufficient facts to survive a motion to dismiss their claim based on a failure to disclose Plan documents. Accordingly, Defendants' motion for judgment dismissing Count Five should be denied.

F.    Dr. Walder fails to state a claim for relief under Ohio Rev. Code Ann. § 4113.15(C), based on the alleged failure to provide health insurance, because there appears no private cause of action under the statute.

In Count Six of the complaint Plaintiffs bring two separate state law claims. First, they allege that Defendants violated Ohio Rev. Code Ann. § 4113.15(B) by failing to provide Dr. Miller with his final paycheck within thirty (30) days of the scheduled due date. (*See* Doc. 1 at ¶¶ 46-47.) Second, they allege that Defendants violated § 4113.15(C) by cancelling Dr. Walder's health insurance while he was still employed at A2. (*See* Doc. 1 at ¶¶ 48-49.) Plaintiffs maintain that they are entitled to an award of damages based on the alleged violations. (*Id.* at ¶ 50.)

Defendants do not challenge Dr. Miller's claim in their motion for judgment on the pleadings. (*See* Doc. 12.) They argue, however, that Dr. Walder's state law claim fails because there is no private cause of action under Ohio Rev. Code Ann. § 4113.15(C) and, in the alternative, it is preempted by ERISA.

Section 4113.15(C) provides as follows:

In the absence of a contest, court order or dispute, an employer who is party

11

to an agreement to pay or provide fringe benefits to an employee or to make any employee authorized deduction becomes a trustee of any funds required by such agreement to be paid to any person, organization, or governmental agency from the time that the duty to make such payment arises.

Ohio Rev. Code Ann. § 4113.15(C).

Ohio courts have found that this section creates a constructive trust for the benefit of employees at the time of the employer's obligation to pay. *See United Bhd. of Carpenters & Joiners of Am. v. Paul Lugger Displays, Inc.*, 2 Ohio App. 3d 190, 191, 441 N.E.2d 581, 584 (Ohio Ct. App. 1981). However, it is unclear whether the employee has a private cause of action for damages under the provision. The Ohio courts have not addressed the issue.

Where the state supreme court has not spoken, the federal court must discern from available sources how that court might respond if confronted with the issue. *See McClain v. Northwest Comm. Corr. Ctr. Judicial Corr. Bd.*, 440 F.3d 320, 328 (6th Cir. 2006). The Supreme Court of Ohio has stated that it will not infer a private cause of action unless the Ohio General Assembly manifests a "clear implication" for private causes of action. *Id.* (citation omitted).

To determine whether to infer a private cause of action, the court looks to three factors: (1) whether the plaintiff is a member of a class for whose benefit the statute was enacted; (2) whether there is there any indication of legislative intent either to create or deny such a remedy; and (3) whether inferring a private cause of action is consistent with the underlying purposes of the legislative scheme. *See id.* (citations omitted).

The record before the Court does not favor inferring a private cause of action. Although Dr. Walder is a member of a class for whose benefit the statute was enacted, there is no evidence of legislative intent either to create or deny a private cause of action.

It appears, moreover, that to infer a private cause of action would be inconsistent with the purpose of an underlying legislative scheme under which criminal penalties may result. *See* Ohio Rev. Code. Ann. § 4113.15(C) ("A failure or refusal to pay . . . constitutes one offense for the first delinquency . . . and a separate offense for each successive delinquency."); Ohio Rev. Code Ann. § 4113.99(A) ("Whoever violates section 4113.15 of the Revised Code is guilty of a misdemeanor of the first degree."). Ohio law does not  allow a claim for civil damages based on an alleged violation of a criminal statute. *See Biomedical Innovations, Inc. v. McLaughlin*, 103 Ohio App. 3d 122, 126, 658 N.E.2d 1084, 1086 (Ohio Ct. App.1995); *see also Putney v. Medical Mut. of Ohio*, 111 Fed. Appx. 803, 807-08 (6th Cir. 2004).

Because there appears no private cause of action, Defendants' motion for a judgment dismissing Dr. Walder's claim under § 4113.15(C) should be granted.

G.    Plaintiffs' state law claims for breach of their employment contracts are not wholly preempted by ERISA.

In Count Seven Plaintiffs allege that Defendants agreed in the employment contracts to provide Plaintiffs with the same retirement benefits offered to other physicians, to provide health insurance throughout the term of employment, and to pay Dr. Miller on a twice-monthly basis.  (*See* Doc. 1 at ¶ 54.)  They allege further that they

13

fulfilled all of their contractual obligations. (*See id.* at ¶¶ 52, 53.) Plaintiffs claim that Defendants breached their employment contracts by canceling Dr. Walder's health insurance, by failing to pay Dr. Miller in bi-weekly payments, and by failing to pay them their retirement benefits. (*See id.* at ¶ 55.)

Defendants seek dismissal of these claims as preempted by ERISA.

There is ample authority that "virtually all state claims relating to an employee benefit plan are preempted by ERISA." *See Marks*, 342 F.3d at 452 ("[V]irtually all state law claims") (citing *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991)). "It is only where a state law claim's 'effect on employee benefits plans is merely tenuous, remote or peripheral' that such claims are not preempted." *Id.*

In deciding whether state law claims are preempted by ERISA, the court must focus on the remedy sought by the plaintiff. *See id.* at 453. "[I]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002) (citing *Cromwell*, 944 F.2d at 1276).

Dr. Walder's breach of contract claim based on the cancellation of health insurance is not preempted because he is not seeking ERISA plan benefits. Similarly, Dr. Miller's breach of contract claim based on the failure to make bi-weekly payments is not preempted because its effect on any employee benefits plan is nonexistent, if not merely remote.

The breach of contract claims based on the failure to make retirement contributions

14

are preempted, however, because they are specifically linked to Plaintiffs' participation in an ERISA plan.

Accordingly, Defendants' motion for judgment dismissing the breach of contract claims should be denied in part and granted in part.

## IV. CONCLUSION

For the reasons stated above, **IT IS THEREFORE RECOMMENDED** that Defendants' motion for partial judgment on the pleadings dismissing Counts One through Five and dismissing in part Counts Six and Seven (Doc. 12) should be **GRANTED in part** and **DENIED in part** as follows:

1.     The motion to dismiss Count One, Interference With Protected Rights under 29 U.S.C. § 1140, should be **GRANTED**;

2.     The motion to dismiss Count Two, Breach of Fiduciary Duties, as a claim brought under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), should be **DENIED**;

3.     The motion to dismiss Count Three, Equitable Estoppel under ERISA, should be **DENIED**;

4.     The motion to dismiss Count Four, Misrepresentation, as a claim brought under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), should be **DENIED**;

5.     The motion to dismiss Count Five, Failure to Disclose under 29 U.S.C. § 1132(c), should be **DENIED**;

6.     The motion to dismiss Dr. Walder's claim in Count Six, violation of Ohio Rev. Code Ann. § 4133.15(C), should be **GRANTED**; and

15

7.      The motion to dismiss Count Seven, Breach of Employment Agreements, should be **DENIED** with respect to claims based on the cancellation of insurance and the failure to make bi-weekly payments.  The motion should be **GRANTED** with respect to claims based on the failure to pay retirement contributions.

In sum, Counts One and Six should be **DISMISSED** in the entirety, and Plaintiffs' breach of contract claim in Count Seven based on the failure to pay retirement contributions should also be **DISMISSED**.

Plaintiffs' claims under Counts Two, Three, Four and Five should go forward; and this case should also go forward on Plaintiffs' breach of contract claims under Count Seven based on the cancellation of insurance and the failure to make bi-weekly payments.

**IT IS SO RECOMMENDED.**


Date:  _3/19/08_____                    s/Timothy S. Black_____
                                          Timothy S. Black
                                          United States Magistrate Judge

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SEAN MILLER, M.D., *et al.*, | : | Case No. 1:05-cv-607 |
| | : | |
| Plaintiffs, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| A2 HEALTHCARE, L.L.C., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).