**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Sean Miller, M.D., *et al.*,

      Plaintiffs,

     v.                       Case No. 1:05cv607

A2 Healthcare, LLC, *et al.*,        Judge Michael R. Barrett

      Defendants.

**<u>ORDER</u>**

      This matter is before the court upon Magistrate Judge's March 19, 2008 Report and Recommendation ("R&R") that Defendants' Motion for Partial Judgment on the Pleadings be granted in part and denied in part. (Doc. 41)

      The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1]  Defendants filed timely Objections to the R&R. (Doc. 42)  Plaintiffs filed a Response to Defendants' Objections. (Doc. 43)

**I.**    **<u>BACKGROUND</u>**

      Plaintiffs Sean Miller, M.D. and Erich Walder, M.D. are former employees of Defendant A2 Healthcare.  Plaintiffs allege that while employed at A2 they were promised that they each would receive a $24,000 retirement contribution each calendar year under A2's Simplified Employee Pension Plan ("the Plan").  (Doc. 1, ¶¶ 5, 6-8)  They further

---

[1]A notice was attached to the Magistrate's Report and Recommendation regarding objections.

allege that they did not receive the retirement contributions that they were promised.  (Id. at ¶¶ 6, 11)  They allege that A2, acting though Defendant Dr. Richard Brian Boster, retaliated against them for leaving the company by failing to pay the retirement contributions; by failing to provide them with Plan documents; by withholding their final paychecks; and by terminating Dr. Walder's health insurance while he was still employed by A2.  (Id. at ¶ 11)

Plaintiffs assert seven grounds for relief: interference with protected rights under § 510 of ERISA, 29 U.S.C. § 1140 (Count One); breach of fiduciary duties under § 409 of ERISA, 29 U.S.C. § 1109 (Count Two); equitable estoppel under ERISA (Count Three); misrepresentation under ERISA (Count Four); failure to disclose plan documents in violation of § 502(c) of ERISA, 29 U.S.C. § 1132(c) (Count Five); failure to pay wages and benefits in violation of Ohio Rev. Code Ann. § 4113.15(B), (C) (Count Six); and breach of their employment agreements (Count Seven).  (Id.)

Defendants filed a Motion for Judgment on the Pleadings dismissing Counts One through Five, and dismissing in part Counts Six and Seven.  (Doc. 12)

In the R&R, the Magistrate Judge recommends granting in part and denying in part Defendants' Motion for Judgment on the Pleadings.  Specifically, the Magistrate Judge recommends dismissing Counts One and Six in the entirety, and dismissing Plaintiffs' breach of contract claim in Count Seven to the extent it is based on the failure to pay retirement contributions.  The Magistrate Judge recommends denying Defendants' Motion as to Plaintiffs' claims under Counts Two, Three, Four and Five; and Count Seven to the extent it is based on the cancellation of insurance and the failure to make bi-weekly payments.  Defendants object to the R&R to the extent that their Motion is denied.

## II.   ANALYSIS

### A.   Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.  *Thomas v. Gee*, 850 F.Supp. 665, 668 (S.D. Ohio 1994), *citing*, *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  *Id.*, *citing Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

### B.   Breach of Fiduciary Duty under ERISA (Count Two)

Citing to *Sereboff v. MidAtlantic Med. Servs., Inc.*, 547 U.S. 356, 361 (2006), the Magistrate Judge explained that Plaintiffs may proceed with a claim for damages under § 502(a)(3) if they allege sufficient facts to show that the basis for their claim is equitable. The Magistrate Judge noted that Plaintiffs alleged that they had received documents from Defendants which evidenced an intent to allocate surplus profits to the payment of $24,000.00 per physician into the retirement account.  Taking the factual allegations as true, and construing them in a light favorable to Plaintiffs, the Magistrate Judge found that the statements are sufficient to establish an "equitable lien by agreement."  The Magistrate Judge also found that the allegation that "surplus profits" would be used to pay the retirement contributions is sufficient to allege the existence of a specific fund which was

created as a result of the agreement.  The Magistrate Judge found alternatively, that Plaintiffs' claim for money damages may be construed as a claim brought on behalf of the Plan.

Under ERISA, a fiduciary may bring a civil action under § 502(a)(3)(B) to obtain equitable restitution or an "equitable lien by agreement." *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 356 (2006).  "For restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 205 (2002).  However, in *Gilchrest v. Unum Life Insurance Company of America*, 2007 WL 3037329 *6-7 (6th Cir. 2007) (unpublished), the Sixth Circuit explained that under *Sereboff*, to establish an equitable lien by agreement, strict tracing is not required and the fund need not have been in existence when the contract was executed.

Defendants argue that Plaintiffs do not seek particular or identifiable funds because Plaintiffs are seeking surplus profits from 2004-2005.  Defendants argue that such funds are no longer in Defendants' possession because they were dissipated.

The Court finds that the Magistrate Judge did not err on this point.  Plaintiffs allege certain documents evidenced an intent to allocate surplus profits to the payment of $24,000 per physician in the retirement account.  These allegations are sufficient to support the creation of an "equitable lien by agreement."  Accordingly, Defendants' Motion for Judgment on the Pleadings is DENIED as to Count Two.

C.    **Equitable Estoppel under ERISA (Count Three)**

The Magistrate Judge found that Plaintiffs allegations were sufficient to support a

claim for equitable estoppel under ERISA.  Defendants argue that the Sixth Circuit has not recognized the existence of equitable estoppel claim in the context of retirement plans governed by ERISA.

In *Sprague v. General Motors Corp.*, 133 F.3d 388, 403-04 (6th Cir.1998), the Sixth Circuit recognized that "equitable estoppel may be a viable theory in ERISA cases." However in *Bielkie v. General Motors Corp.*, 1999 WL 644336, at *2 (6th Cir. 1999) (unpublished), the Sixth Circuit clarified that *Sprague's* "holding is limited to welfare plans."[2] As this Court has previously recognized, "the Sixth Circuit has not yet recognized an ERISA equitable estoppel claim in defined benefit pension plans and *dicta* strongly suggests that because of actuarial concerns, it should not be applied in cases involving pension plans."  *Ramsey v. Formica Corp.*, 2004 WL 1146334, *3 (S.D.Ohio Apr. 6, 2004) (unpublished), *citing Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1300 (6th Cir. 1991) (permitting limited application of federal common law estoppel principles in the interpretation of an ERISA welfare benefit plan, but "expressing no opinion as to the application of estoppel principles in other situations.").  As the Sixth Circuit has explained:

> pension benefits are typically paid out of funds to which both employers and employee contribute.  Contributions and pay-outs are determined by actuarial assumptions reflected in the terms of the plan.  If the effective terms of the plan may be altered by transactions between officers of the plan and individual plan participants or discrete groups of them, the rights and legitimate expectations of third parties to retirement income may be prejudiced.

*Armistead*, 944 F.2d at 1300; *see also Bond v. General Motors Acceptance Corp.*, 1998

---

[2] Generally, ERISA distinguishes between employee pension plans and employee welfare plans. *Gill v. Moco Thermal Industries, Inc.*, 981 F.2d 858, 860 (6th Cir. 1992), *citing Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1297 (6th Cir.1991)

WL 58256, *6 (6th Cir. 1998) (unpublished), *citing Armistead*, 944 F.2d at 1300 ("the application of estoppel to increase the membership of the beneficiary class or expand the benefits payable to some plan beneficiaries of funded pension benefit plans (whereby employers create a finite fund composed of employer and employee contributions from which employee benefits are paid, . . . ) would be inappropriate because it could violate the strict vesting and accrual requirements of the plan and might threaten the actuarial soundness of the entire plan."). However, it would appear that such actuarial concerns are not at issue in the present case. Plaintiffs' claims are based upon a Simplified Employee Pension, which is an individual retirement account. Therefore, the Court finds that at this stage of the litigation, Plaintiffs are not foreclosed from bringing an equitable estoppel claim pursuant to ERISA. Accordingly, Defendants' Motion for Judgment on the Pleadings is DENIED as to Count Three.

### D. Misrepresentation under ERISA (Count Four)

The Magistrate Judge found that there were sufficient allegations of misrepresentation to support a claim based upon material misrepresentation. Defendants argue that no separate identifiable cause of action exists under ERISA for a claim for misrepresentation.

Defendants argument on this point is not entirely clear. However, Defendants cite to *Muse v. IBM*, 103 F.3d 490 (6th Cir. 1996), *cert. denied*, 520 U.S. 1240 (1997). In *Muse*, the court found that plaintiffs had not shown a violation of the fiduciary standards of 29 U.S.C. § 1104(a). *Id.* at 493-95. The court also found that the plaintiffs' state law claims based on the employer's misrepresentations were preempted by ERISA. *Id.* at 495. Finally, the Court found that even if the plaintiffs' misrepresentation claims were

characterized as federal common law claims, those claims must fail:

> Plaintiffs also contend that if their state law claims are preempted, those claims may be repackaged and saved as claims arising under federal common law.  However, federal common law is developed under ERISA only in those instances in which ERISA is silent or ambiguous.  Plaintiffs' state law claims do not fall into that category; they seek to recover for conduct that falls within the purview of Section 404 of ERISA [29 U.S.C. § 1104].  Plaintiffs' common law claims are preempted by ERISA and cannot be reasserted as separate claims arising under federal common law.

*Id.* (citation omitted).

However, as the Court reads Plaintiffs' Complaint, particularly in light of Plaintiffs' response to Defendants' Motion, Plaintiffs are not asking this Court to recognize a claim for misrepresentation under federal common law.  Instead, Plaintiffs allege a claim for breach of fiduciary duty based on alleged misrepresentations.  Therefore, the Magistrate Judge's reliance on *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439 (6th Cir. 2002) was not in error.  Accordingly, Defendants' Motion for Judgment on the Pleadings is DENIED as to Count Four.

### E.    Failure to disclose under ERISA (Count Five)

The Magistrate Judge found that Plaintiffs' allegations regarding requests for plan documents is sufficient to survive Defendants' Motion.  Defendants argue that Plaintiffs' claim must fail because it is undisputed that written authorization was never submitted to the plan administrator, but were only addressed to Defendants' counsel.

Defendants' argument regarding written authorization was addressed by the Magistrate Judge.  As the Magistrate Judge explained, in *Minadeo v. ICI Paints*, 398 F.3d 751, 758 (6th Cir. 2005) the Sixth Circuit made it clear that a plan administrator may require written authorization from a plan participant before satisfying a non-participant's

request for benefits information.   However, the Sixth Circuit held that "a plan administrator is not entitled to ignore a request for pension benefits information made by an attorney on behalf of a participant . . . Instead, a plan administrator must either provide the requested information directly to the plan beneficiary  . . .  or . . .  inform the attorney that the information will be released upon the receipt of an authorization signed by the plan participant."  *Id.*  The court explained that: "A plan administrator who fails to take either of these steps within the thirty day period imposed by 29 U.S.C. § 1132(c) is subject to the fines authorized by that same provision, at the discretion of the district court."  *Id.*

Defendants argument that the request was ineffective because it was not addressed to Defendants directly, but made through their counsel is unavailing.  Defendants cite to *Verkuilen v. South Shore Bldg. and Mortg. Co.*, 122 F.3d 410 (7th Cir. 1997) and *Bolia v. Mercury Print Productions, Inc.*, 2004 WL 2550274, *6  (W.D.N.Y. Sept. 28, 2004), which relies upon *Verkuilen*.  In both these cases, the requests were made as a part of discovery during the course of litigation.  The Court finds these cases inapplicable.  Instead, courts have rejected this type of "hyper-technical argument."  *See, e.g., Lidoshore v. Health Fund 917*, 994 F.Supp. 229, 235 (S.D.N.Y.,1998) (holding that the defendant cannot avoid liability for failing to provide information simply because the plaintiff failed to address the letter to a plan administrator, and instead carbon copied her on the bottom of the correspondence).  Accordingly, Defendants' Motion for Judgment on the Pleadings is DENIED as to Count Five.

### F.   Breach of Contract (Count Seven)

The Magistrate Judge found that Dr. Walder's state law breach of contract claim based on the cancellation of health insurance is not preempted by ERISA because he is

not seeking ERISA plan benefits. Defendants argue that the health insurance plan is an ERISA plan, and therefore Dr. Walder's claim clearly relates to an ERISA plan.

However, at this stage of the litigation, it has not been alleged or determined that Defendants' health care plan is governed by ERISA. Moreover, the Court finds that Dr. Walder's breach of contract claim, as it is currently alleged, does not relate to a employee benefit plan.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has explained that "a law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97 (1983). In determining whether a claim "relates to" an employee benefits plan, the Court considers the kind of relief that plaintiffs seek, and its relation to the plan. *Ramsey v. Formica Corp.*, 398 F.3d 421, 424 (6th Cir. 2005). Here, Dr. Walder is not seeking benefits under the health insurance plan, but is claiming Defendants breached a contractual obligation to provide health insurance throughout his employment by cancelling his health insurance two weeks prior to the expiration of his employment agreement. Accordingly, Defendants' Motion for Judgment on the Pleadings is DENIED as to Count Seven.

## III.   <u>CONCLUSION</u>

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the Magistrate Judge's R&R (Doc. 41) is hereby **ADOPTED** and it is hereby **ORDERED** that:

1.      The motion to dismiss Count One, Interference With Protected Rights under

29 U.S.C. § 1140, should be GRANTED;

2.      The motion to dismiss Count Two, Breach of Fiduciary Duties, as a claim brought under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), should be DENIED;

3.      The motion to dismiss Count Three, Equitable Estoppel under ERISA, should be DENIED;

4.      The motion to dismiss Count Four, Misrepresentation, as a claim brought under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), should be DENIED;

5.      The motion to dismiss Count Five, Failure to Disclose under 29 U.S.C. § 1132(c), should be DENIED;

6.      The motion to dismiss Dr. Walder's claim in Count Six, violation of Ohio Rev. Code Ann. § 4133.15(C), should be GRANTED; and

7.      The motion to dismiss Count Seven, Breach of Employment Agreements, should be DENIED with respect to claims based on the cancellation of insurance and the failure to make bi-weekly payments. The motion should be GRANTED with respect to claims based on the failure to pay retirement contributions.

**IT IS SO ORDERED.**

　　　　　　　　　　　　 _/s/ Michael R. Barrett_
　　　　　　　　　　　　Michael R. Barrett, Judge
　　　　　　　　　　　　United States District Court